UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PETER ANTON LINDAHL,

                Petitioner,

v.

THATCHER,

                Respondent.

CASE NO. 3:24-cv-05160-RSL-GJL

REPORT AND RECOMMENDATION

Noting Date: **March 29, 2024**

      The District Court has referred this federal habeas action to United States Magistrate Judge Grady J. Leupold. Petitioner Peter A. Lindahl, proceeding *pro se*, filed a habeas Petition pursuant to 28 U.S.C. § 2254. Dkt. 1. Upon review, it plainly appears Petitioner is not entitled to habeas relief on his successive Petition. Accordingly, the undersigned declines to order service upon Respondent and, instead, recommends the Petition be **DISMISSED** under Rule 4 of the Rules Governing § 2254 cases ("Habeas Rules").

## I.    BACKGROUND

      Petitioner is currently in custody at Stafford Creek Corrections Center, where he is serving a sentence arising out of his state-court conviction for intentional second-degree murder.

REPORT AND RECOMMENDATION - 1

Dkt. 1; *State of Washington v. Lindahl,* Superior Court of Pierce County Cause No: 00–1–04870–1 (judgment entered January 25, 2007).[1]

In 2010, Petitioner petitioned this Court for habeas relief on the same state-court conviction. *Lindahl v. Glebe*, No. C10-5274-BHS-KLS, 2010 WL 5855914 (W.D. Wash. Nov. 8, 2010), *report and recommendation adopted*, No. C10-5274-BHS, 2011 WL 690571 (W.D. Wash. Feb. 17, 2011). The factual and procedural background for Petitioner's conviction, his 2010 Petition, and the decision to dismiss the 2010 Petition as time-barred were outlined in this Court's November 8, 2010 Report and Recommendation:

> The Washington Court of Appeals summarized the facts underlying Mr. Lindahl's conviction as follows:
>
>> In 2001, Peter Lindahl pleaded guilty to amended charges of second degree felony murder predicated on second degree assault under former RCW 9A.32.050(1)(b) (1976), [footnote 1 omitted] and the State recommended a standard range sentence. On August 8, 2001, the trial court sentenced him to an exceptional sentence of 330 months' imprisonment. We affirmed his judgment and sentence on direct appeal. *State v. Lindahl,* 114 Wash. App. 1, 19, 56 P.3d 589 (2002), *review denied,* 149 Wash.2d 1013, 69 P.3d 874 (2003).
>>
>> Lindahl then filed a personal restraint petition seeking vacation of his second degree felony murder conviction. He based his request on *Andress,* which held that the trial court may not base a second degree felony murder conviction on a second degree assault predicate, and *Hinton,* a decision filed after Lindahl's direct appeal that held *Andress* applied retroactively. 147 Wn.2d at 604, 152 Wn.2d at 861. Accepting the State's concession that his second degree felony murder conviction must be vacated, we granted his petition.
>>
>> The trial court vacated Lindahl's conviction and sentence, withdrew Lindahl's guilty plea, and allowed the State to withdraw its 2001 second

---

[1] The Court may take judicial notice of court filings and other matters of public record related to Petitioner's conviction. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc*., 442 F.3d 741, 746 n. 6 (9th Cir. 2006) (citing *Burbank–Glendale–Pasadena Airport Auth. v. City of Burbank,* 136 F.3d 1360, 1364 (9th Cir. 1998)).

REPORT AND RECOMMENDATION - 2

> and third amended charging information. Lindahl's counsel signed these orders without objection. Nevertheless, eight months later, Lindahl asked the trial court for specific enforcement of his 2001 plea agreement with the State, which the trial court denied.
>
> After a trial on stipulated facts, the trial court found Lindahl guilty of intentional second degree murder. It also found two aggravating circumstances that the offense was a domestic violence offense and that it occurred within the sight or sound of Wolf and Lindahl's minor child. The trial court sentenced Lindahl to an exceptional sentence of 330 months confinement, the same term as his original 2001 sentence.

ECF No. 12, Exh. 2, pp. 2–3.

The trial, on stipulated facts, was heard on January 26, 2007. ECF No. 12, Exh. 1, p. 1; Exh. 3.

Mr. Lindahl appealed from the 2007 judgment and sentence to the Washington Court of Appeals. ECF No. 12, Exh. 4. *See also* Exh. 5 (Brief of Respondent) and Exh. 6 (Statement of Additional Grounds for Review). The Washington Court of Appeals rejected Mr. Lindahl's claims and affirmed the 2007 judgment and sentence. *Id.,* Exh. 2.

Mr. Lindahl filed a *pro se* pleading that challenged the opinion of the Washington Court of Appeals. *Id.,* Exh. 7. The Washington Supreme Court construed the *pro se* pleading as a petition seeking discretionary review by the Washington Supreme Court. *Id.,* Exh. 8. The Washington Supreme Court denied review on December 3, 2008. *Id.,* Exh. 9. The Washington Court of Appeals issued its mandate on December 10, 2008. *Id.,* Exh. 10.

On December 2, 2009, Mr. Lindahl sent a letter to the Washington Supreme Court. *Id.,* Exh. 11. The state court placed the letter in the file without any further action because the mandate had already issued. *Id.,* Exh. 12.

Mr. Lindal signed his federal habeas petition on April 16, 2010. ECF No. 5, p. 11 (CM/ECF pagination). The court treats April 16, 2010 as the date Mr. Lindahl gave the document to prison authorities for mailing to the district court. *See Dils v. Small,* 260 F.3d 984, 986 (9th Cir.2001) ("[A] *pro se* petitioner…is entitled to have the mailing date treated as the date of filing.").

*Lindahl*, 2010 WL 5855914, at *1–2 (footnote excluded).

Upon review, the Magistrate Judge recommended dismissal with prejudice, concluding Petitioner's 2010 Petition was untimely and no extraordinary circumstances warranted application of equitable tolling principles. *Id.* at 3–6. The District Judge adopted and affirmed the November 8, 2010, Report and Recommendation over Petitioner's objections and dismissed the 2010 Petition with prejudice. *Lindahl v. Glebe*, No. C10-5274BHS, 2011 WL 690571 (W.D. Wash. Feb. 17, 2011).

Over ten years after his 2010 Petition was denied, Petitioner filed the instant Petition. Dkt. 1. Therein, Petitioner raises two overlapping grounds for relief. On both grounds, Petitioner argues he acted in self-defense and under threat of losing his children; as a result, he maintains he is not guilty of intentional homicide. Dkt. 1, at 5–7. The Court now screens the instant Petition to determine whether ordering service upon Respondent is appropriate.

## II.   LEGAL STANDARD

Under Rule 4 of the Habeas Rules, the Court is required to perform a preliminary review of a habeas petition. The Rule specifically directs the Court to dismiss a habeas petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Under Rule 2(a) of the Habeas Rules, "the petition must name as respondent the state officer who has custody." Further, the petition must:

> (1) specify all the grounds for relief available to the petitioner; (2) state the facts supporting each ground; (3) state the relief requested; (4) be printed, typewritten, or legibly handwritten; and (5) be signed under penalty of perjury by the petitioner or person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

*Id.* at Rule 2(c). The petition must "substantially follow" a form prescribed by the local district court or the form attached to the Habeas Rules. *Id.* at Rule 2(d).

REPORT AND RECOMMENDATION - 4

### III. DISCUSSION

The Antiterrorism and Effective Death Penalty Act ("AEDPA") implemented a gatekeeper function, requiring that successive § 2254 petitions be dismissed unless they meet one of the exceptions outlined in 28 U.S.C. § 2244(b)(2). "The bar of successive petitions applies only to petitions adjudicated and denied on the merits in the previous federal habeas corpus proceeding." *Turner v. Terhune*, 78 F. App'x 29, 30 (9th Cir. 2003) (citing *Steward v. Martinez-Villareal*, 523 U.S. 637, 645 (1998)). "A disposition is 'on the merits' if the district court either considers and rejects the claims or determines that the underlying claim will not be considered by a federal court." *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009) (citing *Howard v. Lewis*, 905 F.3d 1318, 1322 (9th Cir. 1990)).

Adjudication on the merits occurs when a prior petition is dismissed with prejudice because a procedural default forecloses review by federal courts. *McNabb*, 576 F.3d at 1029. Additionally, when a prior habeas petition is dismissed as untimely, the dismissal constitutes a resolution on the merits and a permanent bar to successive petitions. *Id*. at 1030. However, "[a] habeas petition is second or successive only if it raises claims that were or could have been adjudicated on the merits" in the prior petition. *Id.* at 1029.

Before a petitioner is allowed to file a second or successive petition, he must obtain an order from the Court of Appeals authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3); Rule 9 of the Habeas Rules; Ninth Circuit Rule 22-3; *see also Woods v. Carey*, 525 F.3d 886, 888 (9th Cir. 2008). In the absence of such an order authorizing review, a district court lacks jurisdiction to consider a second or successive petition. *See Magwood v. Paterson*, 561 U.S. 320, 331 (2010); *Burton v. Stewart*, 549 U.S. 147, 157 (2007). Stated another way, this

REPORT AND RECOMMENDATION - 5

1  Court is unable to review habeas claims that could have been brought in a prior petition, unless
2  the petitioner first obtains permission from the Ninth Circuit to file a successive petition.
3        Accordingly, in determining whether it can consider a potentially successive petition, the
4  Court must determine if: (1) the prior petition was adjudicated on the merits, (2) the habeas
5  claims raised in the new petition were raised in the prior petition and (3) the petitioner obtained
6  permission to file the new petition. *Id.* If the first and second questions are answered in the
7  affirmative, the answer to the final question must also be "yes." Otherwise, the Court lacks
8  jurisdiction, and the successive petition must be dismissed.
9        Here, the answer to the first question is "yes"—Petitioner's 2010 Petition was dismissed
10 as time-barred, which constitutes an adjudication on the merits. *McNabb*, 576 F.3d at 1030. So,
11 the Court proceeds to the second question: could the habeas claims brought in the instant Petition
12 have also been raised in the 2010 Petition? The answer to that question is also "yes." The factual
13 predicate for both Petitioner's claims—that he acted not intentionally, but in the heat of
14 passion—was known to him at the time he filed his 2010 Petition. In fact, Petitioner stated that
15 he acted under threat losing his child in his 2010 Petition. *See Lindahl*, No. C10-5274-BHS-KLS,
16 Dkt. 1-2, at 8, 11–12 (filed April 10, 2010). Therefore, the Court turns to the third and final
17 question: did Petitioner obtain permission before filing the instant Petition? The answer is "no,"
18 there is no evidence or allegation Petitioner obtained permission from the Circuit Court before
19 filing the instant petition.
20       Accordingly, Petitioner's failure to obtain leave before filing his Petition necessitates
21 dismissal for lack of jurisdiction.

REPORT AND RECOMMENDATION - 6

## IV.  CERTIFICATE OF APPEALABILITY

A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district court's dismissal of the federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. *See* 28 U.S.C. § 2253(c). "A certificate of appealability may issue . . . only if the [petitioner] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (*citing Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Reasonable jurists would not debate that the instant Petition should be dismissed for lack of jurisdiction. Accordingly, this Court concludes Petitioner is not entitled to a certificate of appealability with respect to the Petition.

## V.  CONCLUSION

For the reasons outlined above, it plainly appears from the instant Petition that Petitioner is not entitled habeas relief. Thus, in accordance with Rule 4 of the Habeas Rules, the undersigned declines to direct service upon Respondent and, instead, recommends the Petition (Dkt. 1) be **DISMISSED** for lack of jurisdiction. No certificate of appealability shall issue.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the District Judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda*

1   *v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time
2   limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **March**
3   **29, 2024**, as noted in the caption.

4   Dated this 14th day of March, 2024.

Grady J. Leupold
United States Magistrate Judge

REPORT AND RECOMMENDATION - 8